UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| v. | § § | CRIMINAL ACTION NO. 3:07-0285-B |
| FREDDY FOOTS, 14481-119, | § § | |
| Defendant. | § § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Freddy Foots's Motion to Reduce Sentence or in the Alternative Pursuant to Compassionate Release Under 18 U.S.C. § 3582(c) (Doc. 177). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

### I.

### BACKGROUND

On June 12, 2008, Freddy Lee Foots was found guilty of one count of interference with commerce by threats of violence in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and one count of using/carrying a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c). Doc. 78, Jury Verdict. On October 30, 2008, Mr. Foots was sentenced to 350 months of imprisonment and a five-year term of supervised release. Doc. 94, J., 2–3.

Mr. Foots now seeks a reduction in sentence under 18 U.S.C. § 3592(c)(1)(A) because, he argues, he suffers from serious underlying medical conditions and, as a result he is at a higher risk for severe illness from COVID-19. Doc. 177, Def.'s Mot., 1–3. Mr. Foots is 65 years old, and has "kidney disease[,] hepatitis C, hypertension, and other chronic [health] problems." *Id.* at 1. Mr. Foots also

-1-

requests, alternatively, to be placed in an "elderly offender home detention program . . . ." *Id.* at 3.

According to the Bureau of Prisons (BOP)'s website, Mr. Foots is presently confined within the BOP at Seagoville Federal Correctional Institute (FCI) and is projected to be released on January 3, 2033. Seagoville FCI has one confirmed active case of the COVID-19 virus—one among its staff and none among its inmates.[1]

Upon review, the Court concludes that Mr. Foots has not exhausted his administrative remedies. Thus, he is not eligible for a sentence reduction at this time. Alternatively, Mr. Foots's release is not warranted by extraordinary and compelling reasons. Therefore, Mr. Foots's motion is **DENIED**.

## II.

## LEGAL STANDARD

A district court does not have inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). However, under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(I)); *see id.* at 693 n.1. The Court's decision must also be "consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see*

---

[1] The BOP's inmate locator and COVID-19 cases websites are available at https://www.bop.gov/inmateloc/ and https://www.bop.gov/coronavirus/ (last visited June 5, 2020), respectively.

*United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) ("[A] court may modify a defendant's sentence after considering the factors set forth in § 3553(a) to the extent applicable if it finds that extraordinary and compelling reasons warrant such a reduction and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (internal quotations and citations omitted)).

## III.
## ANALYSIS

The Court finds that Mr. Foots has not exhausted his administrative remedies at the BOP/ Even if he did, however, § 3582 does not warrant a sentencing reduction or compassionate release in his case.

A.   *Failure to Exhaust Administrative Remedies*

Section 3582(c)(1)(A) requires exhaustion of administrative remedies before a defendant can file a motion seeking a sentence reduction with the Court. *See* 18 U.S.C. § 3582(c)(1)(A) (permitting the filing of a motion "after the defendant has fully exhausted *all administrative rights to appeal* a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden . . . whichever is earlier") (emphasis added). The United States Court of Appeals for the Third Circuit recently characterized this requirement as "a glaring roadblock foreclosing compassionate release" where the "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on his behalf" or if "there has been no adverse decision by BOP for [the defendant] to administratively exhaust within that time period." *Unitedc States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

But "several courts have concluded that [the § 3582 (c)(1)(A) exhaustion] requirement is

not absolute and that it can be waived by the government or by the court, therefore justifying an exception to the unique circumstances of the COVID-19 pandemic." *Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir 2020) (per curiam) (Higginson, J., concurring) (collected authority omitted); *see also* Order at 8, *United States v. Lee*, No. 3:07-CR-0289-M-2 (N.D. Tex. Apr. 23, 2020), ECF No. 1950 (Lynn, C.J.) (collecting cases and excusing exhaustion of administrative remedies because of the defendant's "preexisting medical conditions—asthma, bronchitis, and hypertension—and his recent hospitalization for breathing complications, combined with the rapid spread of COVID-19 at FCI Oakdale").

Here, Mr. Foots originally motioned for the warden to bring a motion for his release; that request was denied on April 10, 2020. Doc. 177, Def.'s Mot., 5. Mr. Foots appealed this decision, and his appeal was denied on May 7, 2020. *Id.* at 7. Mr. Foots then appealed this denial to the Regional Director at the BOP on May 8, 2020. *Id.* at 6. Mr. Foots has not attached any evidence of the Regional Director's decision on his appeal. *See generally id.* Mr. Foots, then, has not shown that he has "fully exhausted *all* administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden . . . ." 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Moreover, Mr. Foots has failed to provide circumstances that would justify relaxing the exhaustion requirement in light of the COVID-19 pandemic. Although he has provided specific factual information unique to his medical conditions, see Doc. 177, Pl.'s Mot., 8–19, Mr. Foots has now shown that COVID-19 is so widespread at Seagoville FCI as to excuse his failure to exhaust administrative remedies. *Cf.* Order at 8, *Lee*, ECF No. 1950 (excusing a failure to exhaust administrative remedies when, amongst other things, there was a "rapid spread of COVID-19 at FCI

-4-

Oakdale"). In fact, at Seagovile FCI, the only case of COVID-19 is among the staff, not the prisoners. *See supra* at 2 n.1

Therefore, under these circumstances, the BOP should have the first opportunity to address Mr. Foots's appeal for compassionate release based on the COVID-19 pandemic. Mr. Foots's request is thus **DENIED WITHOUT PREJUDICE**. Mr. Foots may refile against after exhausting his administrative appeals, or if COVID-19 begins to spread at Seagoville FCI. *See United States v. Orellana*, 2020 WL 1853797, at *1 (S.D. Tex. Apr. 10, 2020).

B.  *Failure on the Merits*

Mr. Foots's motion also fails on the merits. The policy statement applicable to compassionate release—the Untied States Sentencing Guidelines—has not been amended since the First Step Act expanded who may request relief under § 3582(c)(1)(A).[2] A court in this district recently concluded that it should consider § 1B.1.13 and apply its discretion when considering a § 3582(c)(1)(A) motion in light of the COVID-19 pandemic. *See* Order at 8, *Lee*, ECF No. 1950 (citing *United States v. Gonzales*, 2019 WL 5102742, at *2 (W.D. Tex. Oct. 10, 2019)).

There, the court stated:

Section 1B.1.13 sets forth three circumstances that are considered extraordinary and compelling reasons. Among these are the medical condition of the defendant, including whether the defendant is suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. The policy statement also requires that the defendant not pose a danger to the safety of the community.

---

[2] It is unlikely that the Sentencing Commission's policies will be updated any time soon as there are currently an insufficient number of voting commissioners. *See, e.g., United States v. Cantu*, 423 F. Supp. 3d 345, 347–48 & n.1 (S.D. Tex. 2019) (citation omitted); *United States v. Maumau*, 2020 Wl 806121, at *1 n.3 (D. Utah Feb. 18, 2020) (citations omitted).

*Id.* at 7–8 (internal quotation marks and citations omitted). This Court adopts *Lee's* reasoning. Additionally, 18 U.S.C. § 3553 requires the Court to consider the defendant's threat to the community when evaluating compassionate release motions. *See* § 3553(a)(2)(c).

Here, Mr. Foots was convicted of interference with commerce by threats of violence in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and using/carrying a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c). Doc. 78, Jury Verdict. Given the nature of Mr. Foots's crimes, the Court cannot conclude that Mr. Foots does "not pose a danger to the safety of the community." Order at 8, *Lee*, No. 3:07-CR-0289-M-2, ECF No. 1950 (citation omitted); *see also* § 3553(a)(2)(C)(requiring the Court to consider " the need for the sentence imposed . . . to protect the public from further crimes of the defendant").

Moreover, the Court does not find any "extraordinary and compelling reasons [that] warrant" compassionate release here. *Chambliss*, 948 F.3d at 692–93 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Although Mr. Foots does have underlying physical conditions that might make him more vulnerable to the serious symptoms associated with COVID-19, Seagoville FCI has only one case of COVID-19, and that case is among the staff, not the prisoner population. *See supra* at 2 n.1. "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *Raia*, 954 F.3d at 597 (citation omitted).

Therefore, even if Mr. Foots were to have exhausted his administrative remedies, he has not shown that he is entitled to relief under § 3582(c)(1)(A) at this time.

C. *No Entitlement to Home Confinement*

Mr. Foots's request to be designated for home confinement also fails. It is within the BOP's discretion to place prisoners in home confinement toward the end of their sentence under 18 U.S.C. § 3624(c)(2).[3] *See United States v. Snead*, 63 F.3d 381, 389 n.6 (5th Cir. 1995) (noting that requests for home confinement "are properly directed to the [BOP]") (citing 18 U.S.C. § 3624(c)).

Thus, this Court lacks the authority to move Mr. Foots to home confinement.

## IV.

## CONCLUSION

For the foregoing reasons, Mr. Foots's Motion to Reduce Sentence or in the Alternative Pursuant to Compassionate Release Under 18 U.S.C. § 3582(c) (Doc. 177) is **DENIED WITHOUT PREJUDICE** for failure to exhaust administrative remedies and, alternatively, because Mr. Foots would pose a danger to society, and has not provided extraordinary and compelling reasons for compassionate release. Additionally, this Court is without jurisdiction to transfer Mr. Foots to home confinement.

**SO ORDERED.**

**SIGNED: June 12, 2020.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that Mr. Foots has about fifty percent of his sentence left.